IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LIN ALLEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-343-D |
| SCOTT CROW, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 6] under 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging a criminal judgment of the District Court of Tulsa County, Oklahoma, on the ground that Oklahoma courts lacked jurisdiction over the case because the crime occurred in Indian Country. *See McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020). Petitioner also filed a Motion for Release on Bond [Doc. No. 5]. Judge Maxfield Green recommends that the Court dismiss the Petition with prejudice because it was filed outside of the one-year limitations period established by 28 U.S.C. § 2244(d)(1) and deny the motion for release on bond.

Petitioner filed a timely objection [Doc. No. 7] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner's objection does not appear to dispute that the Petition was filed outside of the limitations period established by 28 U.S.C.

§ 2244(d)(1), but instead argues that he should not be subject to the limitations period at all because he is an Indian and the state court lacked jurisdiction over his criminal case.

Petitioner presents no persuasive authority in support of this argument, and upon *de novo* consideration, the Court rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the applicable limitations period. 28 U.S.C. § 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and makes no exception for a habeas petition brought by an Indian or a habeas petition challenging a state court's jurisdiction. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause," but, as with any other habeas claim, Petitioner's due process claim is "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished); *see also Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished).

Having reviewed the entirety of the case record, the Court fully concurs in Judge Maxfield Green's findings and recommendation that the Petition should be dismissed with prejudice as untimely.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 6] is **ADOPTED**. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** with prejudice. Further, Petitioner's Motion for Release on Bond [Doc. No. 5] is **DENIED**. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERD** this 26th day of July, 2022

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge